**FILED**
**Sep 20, 2023**
**11:47 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| Bryant Meeks, | ) | Docket No. 2022-06-0936 |
|       **Employee,** | ) | |
| v. | ) | |
| Nyrstar Clarksville, Inc., | ) | State File No. 65517-2021 |
|       **Employer,** | ) | |
| And | ) | |
| Great American Spirit Insurance Co., | ) | Judge Kenneth M. Switzer |
|       **Carrier.** | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

Nyrstar Clarksville, Inc. filed a Motion for Summary Judgment. It argues that Bryant Meeks's evidence is insufficient to establish medical causation, which is an essential element of his claim. Mr. Meeks participated in the hearing but did not file a written response. The Court grants summary judgment to Nyrstar and dismisses this claim with prejudice.

### Claim History

Mr. Meeks seeks workers' compensation benefits, alleging that he contracted an autoimmune condition and skin lesions from drinking unsafe water while working at Nyrstar. Nyrstar denied the claim, asserting that his injuries did not arise primarily from work, so Mr. Meeks filed his petition.

After an expedited hearing on the record, the Court found that Mr. Meeks did not offer a medical opinion connecting his condition to his employment. Therefore, he was unlikely to prevail at trial in proving that his condition arose primarily from work. Mr. Meeks did not appeal but asked for additional time to seek a favorable medical opinion. The Court gave him an August 31 deadline to do so.

Nyrstar filed this motion for summary judgment supported by a statement of undisputed facts. They are:

1

- Mr. Meeks seeks benefits due to his consumption of water while working for Nyrstar.
- Mr. Meeks has submitted no admissible medical proof establishing that his consumption of water while working for Nyrstar contributed more than 50% in causing any of his alleged illnesses and conditions.
- Mr. Meeks has submitted no admissible medical proof establishing that his consumption of water while working for Nyrstar contributed more than 50% in causing a need for medical treatment.

## Law and Analysis

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2023).

Nyrstar must do one of two things to prevail: (1) submit affirmative evidence that negates an essential element of Mr. Meeks's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2022); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

Here, Nystar demonstrated that Mr. Meeks's evidence is insufficient to show medical causation, which is an essential element of his claim. Proving medical causation requires an expert's testimony to a "reasonable degree of medical certainty" that the employment "contributed more than fifty percent (50%) in causing the . . . need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(12)(C).

Mr. Meeks admitted at the hearing he had no expert opinion or evidence causally linking his consumption of water at work to his condition or need for treatment. The Court gave him ample time to obtain that opinion and respond to the motion, but he did not. With that admission, Nyrstar demonstrated his evidence is insufficient to prove medical causation, which is an essential element of his claim.

Since Nyrstar met its burden, Mr. Meeks "may not rest upon the mere allegations or denials of [his] pleading." *Rye*, at 265. Rather, he must produce affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial. Tenn. R. Civ. P. 56.06. If not, "summary judgment, if appropriate, shall be entered" against him. *Id*.

The Court finds summary judgment is appropriate because Mr. Meeks has not opposed Nyrstar's motion with specific facts showing a genuine issue exists for trial. Rather, he has rested solely on allegations and medical records, which are insufficient to

survive summary judgment.  Thus, Nyrstar is entitled to summary judgment as a matter of law.

**IT IS ORDERED** as follows:

1. Mr. Meeks's claim for workers' compensation benefits is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final thirty days after issuance.

3. The filing fee of $150.00 is taxed to Nyrstar under Tennessee Compilation Rules and Regulations 0800-02-21-.07, to be paid to the Court Clerk within five business days and for which execution might issue as necessary.

4. Nyrstar shall prepare and file the SD-2 with the Court Clerk within ten days of this order becoming final.

**ENTERED September 20, 2023.**

_Kenneth M. Switzer_
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify that a copy of this Compensation Order was sent as indicated on September 20, 2023.

| Name | Regular mail | Email | Sent to: |
|---|---|---|---|
| Bryant Meeks, self-represented employee | X | X | Leomeeks1978@gmail.com<br>5801 Buckner Rd.<br>Cumberland Furnace, TN 37051 |
| Lee Anne Murray, Taylor Pruitt, employer's attorneys | | X | leeamurray@feeneymurray.com<br>trp@feeneymurray.com<br>madeline@feeneymurray.com |

_____
Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*